## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 14-22383-CIV-ALTONAGA/O'Sullivan

**OLGA MELENDEZ**,

      Plaintiff,

vs.

**TOWN OF BAY HARBOR ISLANDS**,

      Defendant.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court on Defendant, Town of Bay Harbor Islands's (the "Town['s]" or "Bay Harbor['s]") Motion to Dismiss Amended Complaint . . . ("Motion") [ECF No. 22], filed September 19, 2014. On October 10, 2014, Plaintiff, Olga Melendez ("Melendez") filed her Response . . . ("Response") [ECF No. 25]. The Town filed its Reply . . . [ECF No. 26] on October 20, 2014. The Court has carefully reviewed the parties' written submissions and applicable law.

### I. BACKGROUND[1]

This case concerns a female Bay Harbor police officer's discrimination claims against her employer, the Bay Harbor police department. (*See generally* Am. Compl.). Bay Harbor is a Florida municipality in Miami-Dade County. (*See id.* ¶ 7). Melendez joined the police department as an officer in March 2003. (*See id.* ¶¶ 6, 13).

In April 2012, Melendez informed her superiors she was pregnant and requested she be reassigned to light duty "due to her pregnancy and discomfort sitting in a patrol car." (*Id.* ¶ 16). Melendez alleges "there were light duty tasks available . . . such as paperwork for the exhibit

---

[1] The facts are taken from Melendez's Amended Complaint [ECF No. 15], are presented in the light most favorable to Melendez, and are taken as true.

room," but she was "denied the ability to work light duty," which forced her to take a leave of absence pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (*Id.* ¶ 17 (alteration added)). Melendez claims "non-pregnant workers were afforded the ability to work light duty," and she lost compensation while on FMLA leave, as she could have been working. (*Id.* ¶¶ 17–18). Melendez further alleges the department did not have a suitable changing area for female employees, and she was forced to use a former male lavatory covered with a shower curtain as a makeshift changing room. (*See id.* ¶¶ 19–20). She claims a male colleague walked in on her changing multiple times, and as a result she "constantly had a fear that she would be walked in on at any moment by a male co-worker." (*Id.* ¶ 21). This same superior — Sergeant Alan Block — "regularly made sexual advances" toward Melendez and created a hostile work environment. (*Id.* ¶ 22).

On September 19, 2013, Melendez filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") ("EEOC Charge"). (*See id.* ¶¶ 14–15; Charge of Discrimination ("EEOC Charge") [ECF No. 15-2]). She received a Notice of Right to Sue from the EEOC on March 28, 2014. (*See* Am. Compl. ¶ 11; Notice of Right to Sue [ECF No. 15-1]). Melendez initiated this suit on June 26, 2014 (*see* Complaint [ECF No. 1]), and thereafter filed her Amended Complaint (*see* Am. Compl.).

The Amended Complaint states six claims for relief: (1) discrimination on the basis of pregnancy under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. section 2000e(k); (2) sex discrimination under Title VII, 42 U.S.C. section 2000e-2(a); (3) hostile work environment under Title VII, 42 U.S.C. section 42 U.S.C. section 2000e-2(a); (4) discrimination based on pregnancy under the Florida Civil Rights Act of 1992, Florida Statutes section 760.10(1) (the "FCRA"); (5)

Case No.  14-22383-CIV-ALTONAGA/O'Sullivan

sex discrimination under the FCRA, Florida Statutes section 760.10(1); and (6) hostile work environment under the FCRA, Florida Statutes section 760.10(1).  Bay Harbor seeks dismissal of all counts and the striking Melendez's requests for punitive damages.  (*See generally* Mot.).

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 556 (alteration added)).  "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss."  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).  When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Case No.  14-22383-CIV-ALTONAGA/O'Sullivan

### III.  ANALYSIS

Melendez states claims for sexual harassment as well as discrimination on the basis of sex and pregnancy under Title VII and the FCRA.  (*See generally* Am Compl.).  Bay Harbor argues all of Melendez's claims are time-barred and, even if timely, they fail to state claims for relief.  (*See generally* Mot.).  Bay Harbor also asserts Melendez's requests for punitive damages must be stricken.  (*See id.* 2, 10).  The Court considers each argument in turn.

#### A.  Timeliness

Bay Harbor argues Melendez's Title VII claims are time-barred because she failed to file her EEOC Charge within 300 days of the alleged discrimination, and her FCRA claims are similarly untimely, as the FCRA requires a plaintiff to file a complaint within 365 days of the discriminatory acts.  (*See id.* 1–4).  Melendez insists the discriminatory acts were ongoing, and she actually initiated the requisite administrative process on June 11, 2013, when she filed an Intake Questionnaire with the EEOC.  (*See* Resp. 2–4; *see also* Am. Compl. Ex. C [ECF No. 15-3]).

Title VII requires plaintiffs to "exhaust certain administrative remedies before filing a suit for employment discrimination."  *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) (citations omitted).  A plaintiff initiates the administrative process by filing a timely charge of discrimination.  *See id.* (citations omitted).  "For a charge to be timely in a deferral state such as Florida, it must be filed within 300 days of the last discriminatory act."  *Id.* (citing 42 U.S.C. § 2000e-5(e)(1)).  A limitations period may be extended where a discriminatory practice constitutes a "continuing violation."  *Id.*  "In determining whether a discriminatory employment practice constitutes a continuing violation, [a court] must distinguish between the present consequence of a one-time violation, which does not extend the limitations period, and

4

the continuation of the violation into the present, which does." *Id.* (internal quotation marks and citation omitted); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120 (2002) ("A court's task is to determine whether the acts about which an employee complains are part of the same actionable [discriminatory practice], and if so, whether any act falls within the statutory time period." (alteration added)).

Courts consider "whether the claims were related in subject matter, frequency, and permanence" in deciding whether a continuing practice exists. *Roberts v. Gadsden Mem'l Hosp.*, 835 F.2d 793, 800 (11th Cir. 1988) (citation omitted).  "[W]here the allegedly discriminatory incidents are substantially identical and the acts of alleged discrimination are frequent a finding of a continuing violation is more likely." *Lewis v. Bd. of Trustees of Ala. State Univ.*, 874 F. Supp. 1299, 1304 (M.D. Ala. 1995) (alteration added; citation omitted).

Although the Town insists Melendez's allegations relate solely to the initial denial of light duty work in April 2012 (*see* Mot. 3), Melendez maintains the discrimination continued for several months past that date, as she continued to lose pay and benefits throughout her pregnancy due to the FMLA leave she was forced to take.  (*See* Resp. 3–4).  Her description of the nature of her claim is the more accurate one.  To the extent she asserts she was harmed by the denial of light duty during her pregnancy, she has alleged a continuing violation.  *See Bazemore v. Friday*, 478 U.S. 385, 395–96 (1986) (holding a perpetuation of salary disparities constituted a continuing violation); *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 448 (11th Cir. 1993) ("Partners discriminated against Calloway not only on the day that it offered her less than her white predecessor, but also on every day of her employment."); *Lewis*, 874 F. Supp. at 1304 ("The Board's repeated refusal to change Lewis'[s] schedule could be characterized as an

ongoing policy to discriminate against Lewis . . . and a continuing state of non-accommodation of Lewis'[s] disability." (alterations added)).

Melendez alleges she suffered an ongoing harm — one that extended well past April 2012 — every day she was denied the ability to perform light duty while her non-pregnant peers were given such opportunities.  (*See* Am. Compl. ¶¶ 17, 26).  Melendez also correctly notes she initiated the EEOC's "machinery and remedial processes" long before September 2013 by filing an EEOC Intake Questionnaire on June 11, 2013.  *Whorton v. Wash. Metro. Area Transit Auth.*, 924 F. Supp. 2d 334, 346 (D.D.C. 2013).  A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it "is apparent on the face of the complaint."  *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003).  Bay Harbor has not established Melendez's claims are untimely.

### B.  Failure to State a Claim

#### 1.  Discrimination Claims – Counts I, II, IV, and V

Title VII of the Civil Rights Act of 1964 makes it unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  "The PDA provides that the prohibition against sex-based employment discrimination in Title VII, 42 U.S.C. [section] 2000e-2(a)(1), applies with equal force to discrimination on the basis of 'pregnancy, childbirth, or related medical conditions.'"  *Nelson v. Chattahoochee Valley Hosp. Soc'y*, 731 F. Supp. 2d 1217, 1229 (M.D. Ala. 2010) (alteration added) (quoting 42 U.S.C. § 2000e(k)).

A plaintiff makes out a *prima facie* case of sex or pregnancy[2] discrimination under Title VII or the FCRA[3] by establishing she or: "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1289 (11th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).   Bay Harbor asserts Melendez has not established a *prima facie* case of discrimination on the basis of pregnancy or gender under either Title VII or the FCRA because she has not identified a similarly-situated individual with respect to her pregnancy discrimination claims and fails to allege an adverse employment action with respect to her gender discrimination claims.  (*See* Mot. 5–8).

A plaintiff need not necessarily establish a *prima facie* case under *McDonnell Douglas* to survive a motion to dismiss, but she must nevertheless satisfy the pleading requirements of *Iqbal* and *Twombly*.  *See Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012); *Ashmore v. F.A.A.*, No. 11-CV-60272, 2011 WL 3915752, at *2–3 (S.D. Fla. Sept. 2, 2011); *Washington v. Sprint Food Stores, Inc.*, No. 1:10-CV-823-TWT-ECS, 2010 WL 5463137, at *2 (N.D. Ga. Dec. 2, 2010).   Although courts have dismissed complaints that are "'[t]hreadbare recitals of the elements of a cause of action,'" *Uppal*, 482 F. App'x at 396 (alteration added;

---

[2]  "The analysis required for a pregnancy-discrimination claim is the same type of analysis used in other Title VII sex-discrimination suits."  *Nelson*, 731 F. Supp. 2d at 1229 (citing *Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1312–13 (11th Cir. 1994)).

[3]  "The Eleventh Circuit has determined the FCRA is modeled after Title VII, so that federal case law regarding Title VII is applicable to construe the Act."  *Mohamed v. Pub. Health Trust of Miami-Dade Cnty.*, No. 09-21235-CIV, 2010 WL 2844616, at *4 (S.D. Fla. July 19, 2010) (internal quotation marks and citations omitted).  *See also Rodriguez v. City of Clermont*, 681 F. Supp. 2d 1313, 1335 n.23 (M.D. Fla. 2009) ("Claims brought under the FCRA are analyzed under the same framework as claims under Title VII." (citing *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998))).  Accordingly, the Court addresses the claims together.

quoting *Iqbal*, 556 U.S. at 678), or no more than "'conclusory allegations without notice of the factual grounds on which they purport to be based,'" *Ashmore*, 2011 WL 3915752, at *4 (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1271 (11th Cir. 2004)), a plaintiff is not required "to identify each similarly situated nonminority employee for a discrimination claim to pass muster at the motion to dismiss stage," *Raja v. Englewood Cmty. Hosp., Inc.*, No. 8:12-cv-02083-JDW-AEP, 2013 WL 4016518, at *3 (M.D. Fla. Aug. 6, 2013) ("[T]he Second Amended Complaint sufficiently alleges racial animus and that ECH intended to discriminate against Dr. Raja by treating similarly situated nonminority employees more favorably than him." (alteration added)).  Melendez need not identify by name a specific comparator to sufficiently plead a claim of discrimination.  *See Veale v. Fla. Dep't of Health*, No. 2:13-cv-77-FtM-38UAM, 2013 WL 5703577, at *5 n.3 (M.D. Fla. July 29, 2013) ("It does not appear that Plaintiff is required to name specific employees at the pleading stage." (citing *Turner v. Fla. Prepaid Coll. Bd.*, 522 F. App'x 829, 832 (11th Cir. 2013) (recognizing a plaintiff may create a triable issue concerning discriminatory intent through a convincing mosaic of circumstantial evidence))); *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) ("[T]he plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's case." (alteration added)).  Counts I and IV, for discrimination on the basis of pregnancy, state claims for relief.

Melendez's claims of sex discrimination, however, must be dismissed, as Melendez has not alleged she suffered an adverse employment action.  In the Title VII context, an adverse employment action is "a *serious and material* change in the terms, conditions, or privileges of employment."  *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis in original).  "'A tangible employment action constitutes significant change in

employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits.'" *Webb-Edwards v. Orange Cnty. Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)).

Counts II and V complain of the "unsuitable" changing room facilities provided to female employees of the police department.  (Am. Compl. ¶¶ 34, 56).  Melendez insists the inadequacy of the facilities constitutes an adverse action, arguing "if this type of sex discrimination and humiliation is not sufficient [to constitute an adverse employment action,] then Plaintiff's allegations that she has lost pay and benefits from Defendant's other actions of sex and pregnancy discrimination are more than sufficient to demonstrate very significant adverse employment actions."  (Resp. 8 (alteration added)).  But Melendez's allegations regarding lost pay and benefits relate to her pregnancy discrimination claims in Counts I and IV, not her sex discrimination claims in Counts II and V.  (*Compare* Am. Compl. ¶¶ 24–28, *with id.* ¶¶ 32–36). Melendez bases her claims for sex discrimination on the police department's "willful failure to provide suitable changing areas for female employees" — a condition Melendez presumably operated under since she joined the department over a decade ago.  (*Id.* ¶ 32).

"[T]o prove adverse employment action in a case under Title VII's anti-discrimination clause, an employee must show a *serious and material* change in the terms, conditions, or privileges of employment."  *Davis*, 245 F.3d at 1239 (alteration added; emphasis in original). Melendez does not claim the terms and conditions of her employment were altered — in fact, she claims they were not changed at all.  (*See* Am. Compl. ¶¶ 32, 34, 56).  "[T]he protections of Title VII simply do not extend to everything that makes an employee unhappy."  *MacLean v. City of St. Petersburg*, 194 F. Supp. 2d 1290, 1298 (M.D. Fla. 2002) (alteration added; internal quotation

marks and citation omitted).  Melendez has not alleged an adverse *action*, but a continued

frustration, and her complaints regarding a discriminatory environment are addressed by Counts

III and VI, wherein she alleges Bay Harbor created a hostile work environment.  In light of the

above, Counts II and V are dismissed.

2.  Hostile Work Environment Claims – Counts III and VI

"[A] plaintiff may establish a violation of Title VII by proving that discrimination based

on sex has created a hostile or abusive work environment."  *Meritor Sav. Bank v. Vinson*, 477

U.S. 57, 66 (1986) (alteration added).  To state a claim of hostile work environment, a plaintiff

must allege:

> (1) that [s]he belongs to a protected group; (2) that [s]he has been subject to
> unwelcome harassment; (3) that the harassment must have been based on a
> protected characteristic of the employee, such as national origin; (4) that the
> harassment was sufficiently severe or pervasive to alter the terms and conditions
> of employment and create a discriminatorily abusive working environment; and
> (5) that the employer is responsible for such environment under either a theory of
> vicarious or direct liability.

*Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1339 (S.D. Fla. 2014) (alterations

added; internal quotation marks omitted) (quoting *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d

1269, 1275 (11th Cir. 2002)).

Bay Harbor argues Melendez has not stated a claim for hostile work environment based

on sexual harassment in Counts III and VI because she "fails to allege conduct that is objectively

severe or pervasive to be actionable under federal or Florida law."  (Mot. 9 (emphasis omitted)).

Melendez alleges she experienced a hostile work environment due to her superior's unwanted

and "frequent" sexual advances as well as that superior's repeated intrusions into the female

changing room while Melendez was changing.  (Am. Compl. ¶¶ 21–22, 41–43, 63–65).  The

Court "cannot say that [Melendez] could prove no set of facts consistent with her allegations"

which would amount to a hostile work environment.  *Lewis*, 874 F. Supp. at 1304 (alteration added).

Finally, Bay Harbor's argument Melendez's claims for hostile work environment are administratively barred is similarly unpersuasive.  (*See* Mot. 4–5).  According to Bay Harbor, Melendez is foreclosed from asserting hostile work environment claims because she failed to explicitly raise them in her EEOC Charge.  (*See id.*).  Yet, a claim of hostile work environment can "be inferred" from administrative submissions.  *Whorton*, 924 F. Supp. 2d at 348.  "[A] plaintiff need not use any magic words in a charge much less use the specific term 'hostile work environment' in order to properly exhaust such a claim."  *Id.* (alteration added; citation omitted).

In her EEOC Charge, Melendez states she was discriminated against on the basis of sex, she complains of the changing facilities provided to females, and she states Sergeant Block walked in on her while changing.  (*See* EEOC Charge).  "A plaintiff may adequately exhaust administrative remedies without specifically alleging a hostile work environment claim in her formal EEO complaint so long as the hostile work environment claim is like or reasonably related to the allegations in the formal EEO complaint and grows out of such allegations." *Na'im v. Rice*, 577 F. Supp. 2d 361, 372 (D.D.C. 2008) (alterations, internal quotation marks, and citations omitted).  Melendez's hostile work environment claim is reasonably related to the allegations in her EEOC Charge.  Therefore, Counts III and VI are not dismissed on this basis.

### C.  Punitive Damages

In each of her six causes of action, Melendez has included associated requests for punitive damages.  (*See* Am. Compl. ¶¶ 29, 37, 46, 53, 60, 69).  Bay Harbor argues Melendez's requests for punitive damages must be stricken, as "[p]unitive damages are not recoverable against a municipality under Title VII and the FCRA."  (Mot. 10 (alteration added; citations

Case No.  14-22383-CIV-ALTONAGA/O'Sullivan

omitted)).   Melendez wholly fails to address this argument in her Response (*see generally* Resp.), and therefore concedes the point.   *See Glass v. Lahood*, 786 F. Supp. 2d 189, 210 (D.D.C. 2011) (noting "when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded" (citations and internal quotation marks omitted)). Accordingly, the requests for punitive damages are stricken.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant, Town of Bay Harbor Islands's Motion **[ECF No. 22]** is **GRANTED in part** and **DENIED in part**.  Counts II and V are **DISMISSED**. Plaintiff's requests for punitive damages are **STRICKEN**.  Defendant shall file an answer to the remaining claims within the time permitted by the Rules.

**DONE AND ORDERED** in Miami, Florida, this 25th day of November, 2014.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record